### ANSWER WRONGFULLY STRICKEN FROM FILES.

Court of Appeals for Hamilton County.

## P. C. BERTRAM v. THEOBALD MUNFORD CO.

Decided, November 15, 1915.

*Judicial Discretion—Abuse of, in Striking Answer from the Files—
  Pleading.*

It is an abuse of discretion for a court to strike from the files an an-
  swer which was filed by leave, where no ground for so doing was
  shown except that at the time the answer was tendered and leave
  to file granted, a motion was pending for a default judgment and
  the answer set up only a general denial.

*Reece & Reece,* for plaintiff in error.
*Cogan, Williams & Ragland,* contra.

GORMAN, J.

The record in this case discloses that an action was com-
menced by defendant in error before a justice of the peace to
recover for goods sold and delivered, that judgment was ren-
dered in favor of defendant in error and an appeal from said
judgment was taken by plaintiff in error and a transcript filed
in the common pleas court on December 26, 1913. On Feb-
ruary 4, 1914, the defendant in error being in default filed a
petition on appeal. On June 27, 1914, the plaintiff in error
being in default asked and obtained leave to file an answer
which was a general denial. Two days later, on June 29, 1914,
defendant in error filed a motion to strike the answer from the
files and for judgment. No grounds are set out in the motion
for this action. On July 2, three days after the filing of said
motion, the court granted the same, and the entry recited that
it appeared to the court that at the time defendant tendered
his answer and asked leave to file the same, a motion was pend-
ing on behalf of plaintiff for a default judgment, and it appear-
ing to the court that said answer is a general denial, the court
finds said motion to be well taken.

The entry granting leave to file the answer was set aside, and the answer stricken from the files.

On the same day, by a separate journal entry, the court entered judgment by default against plaintiff in error, defendant below. Exceptions were taken by plaintiff in error to these proceedings, and the cause is here on error to said judgments.

We think the court of common pleas erred in striking the answer of plaintiff in error from the files. No cause is shown for such a proceeding. The defendant below had secured leave of court to file his answer, a general denial, and no claim was made that there had been any impropriety or misconduct in securing leave to file the pleading. The record fails to show that there was a motion pending for a default judgment; but if there had been such a motion pending it was within the sound discretion of the *nisi prius* court to grant leave to defendant below to file an answer. There was no claim made that the answer was false or frivolous or filed as a sham pleading for the purpose of hindering or delaying plaintiff in the collection of his claim. Even if the court of common pleas in the exercise of a sound discretion could have stricken the answer from the files, the facts in this case show that there was an abuse of its discretion.

Judgment reversed and cause remanded for such proceedings as are authorized by law.

JONES (Oliver B.), J., and JONES (E. H.), J., concur.